UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-80920-CANNON/REINHART

LUCAS SILVA,

        Plaintiff,

v.

FANCYDRESSME INC.,
d/b/a FASTSIGNS 2043,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COMPLAINT [ECF No. 13]

In a three count Complaint, Plaintiff Lucas Silva sues Fancydressme, Inc. d/b/a Fastsigns 2043 ("Fastsigns") under the Fair Labor Standards Act ("FLSA") for failing to pay minimum wages, failing to pay overtime, and retaliation. ECF No. 1.  Fastsigns moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failing to plausibly allege an employer-employee relationship.  ECF No. 13.

Judge Cannon referred this motion to me for a Report and Recommendation. ECF No. 19.  I have reviewed the Motion, the Response, and the Reply.  ECF Nos. 13, 18, 26.  I am fully advised and the matter is ripe for decision.  For the following reasons, it is RECOMMENDED that the Motion to Dismiss be DENIED.

## PLEADING REQUIREMENTS

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this Rule 8 pleading requirements, a claim must provide the defendant fair notice of

plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.,* 534 U. S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations of a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

2

liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S. D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

## **COMPLAINT**

The relevant portions of the Complaint, ECF No. 1, allege the following well-pled facts:

- "Plaintiff worked for Defendant from September 13, 2021, through February 4, 2022, as an installer." ¶15.

- In December 2021, "Defendant changed Plaintiff's method of compensation [from hourly pay] to a piece work compensation." ¶20.

- "For the last two weeks of Plaintiff's employment, Defendant made improper deductions from Plaintiff's checks." ¶21.

- "Plaintiff regularly worked between 45-50 hours per workweek." ¶16.

- "Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive." ¶23.

- "On or about January 2022, Plaintiff complained to his supervisor Fabio (LNU) regarding the Defendant's failure to compensate Plaintiff for all hours worked." ¶24.

- "On or about February 4, 2022, Plaintiff was terminated [by Defendant]." ¶25.

## DISCUSSION

Fastsigns argues that Complaint lacks sufficient facts to plausibly allege that Mr. Silva was an employee as opposed to an independent contractor.

> Under the FLSA, an employee is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). To be "employed" includes when an employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. § 203(g). To determine if an individual is an employee, "we look at the 'economic reality' of all the circumstances" surrounding the activity. *Brouwer,* 139 F.3d at 819. We refer to this test as the "economic reality" test. *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997). The touchstone of the economic reality test is the alleged employee's economic dependence on the employer. *Freund v. Hi–Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) (citing *Usery v. Pilgrim Equip. Co.,* 527 F.2d 1308, 1311 (5th Cir. 1976)). "[T]he final and determinative question must be whether ... the personnel are so dependent upon the business with which they are connected that they come within the protection of the FLSA or are sufficiently independent to lie outside its ambit." *Usery,* 527 F.2d at 1311–12 (5th Cir. 1976). In *Villarreal v. Woodham,* we said that the economic reality test asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 113 F.3d at 205 (quoting *Bonnette v. Cal. Health & Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir. 1983)).

*Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942–43 (11th Cir. 2012) (footnote omitted).

Viewing the factual allegations in the Complaint in the light most favorable to Mr. Silva, he has plausibly alleged an employer-employee relationship under the economic reality test. The Complaint alleges that Mr. Silva worked 45-50 hours per week — full time — as an installer for Fastsigns from September 2021 until February 2022. It further alleges that Mr. Silva had a supervisor and that Fastsigns controlled Mr. Silva's hours and pay, including unilaterally changing the compensation arrangement in December 2021. And, it alleges that Fastsigns terminated the relationship with Mr. Silva in February 2022. Of particular significance, it alleges that Fastsigns took deductions from Mr. Silva's checks — an action consistent with an employee-employer relationship, not with an independent contractor relationship. Taken together, these facts are sufficient to plausibly allege an employer-employee relationship.

The sole issue raised in the Motion to Dismiss was whether the Complaint plausibly alleges that Mr. Silva met the FLSA definition of an "employee." ECF No. 13 at 3-4. The Motion did not argue that the Complaint failed to allege that Fastsigns met the statutory definition of "employer." Nevertheless, in his Response, Mr. Silva argues, "Plaintiff has provided more than sufficient facts to support Plaintiff's contention of enterprise coverage." ECF No. 18 at 5. Fastsigns' Reply also addresses this issue. ECF No. 26 at 4-6. Similarly, Fastsigns' Reply raises, for the first time, the issue whether the Complaint pled a plausible claim for retaliation. *Id.* at 6-7. Because these issues were not raised in the Motion to Dismiss, I do not consider them. *See MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.,* 544 F. Supp. 3d 1334, 1349 (S.D. Fla.

2021) (J. Altman) (noting it is "well-established" that arguments not properly presented in a party's initial pleading are waived).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of September 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE