**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-80920-CIV-CANNON/Reinhart**

**LUCAS SILVA**,

      Plaintiff,

v.

**FANCYDRESSME INC.**,

      Defendant.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

    **THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss (the "Motion") [ECF No. 13].  On August 25, 2022, this Court referred the Motion to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 19].  On September 20, 2022, Judge Reinhart issued a report ("the Report") [ECF No. 33], recommending that Defendant's Motion be denied.  The Court has reviewed the Motion [ECF No. 13], Plaintiff's Response in Opposition (the "Response") [ECF No. 18], Defendant's Reply in Support of the Motion (the "Reply") [ECF No. 26], the Report itself [ECF No. 33], Defendant's Objection to the Report (the "Objection") [ECF No. 35], and the full record.  For the reasons set forth below, the Report [ECF No. 33] is **ACCEPTED**.

**RELEVANT BACKGROUND**

    On June 23, 2022, Plaintiff, a former employee and installer of signs for Defendant, filed a three-count complaint against Defendant, a custom sign company, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 [ECF No. 1].  In Count I, Plaintiff alleges that Defendant failed to pay him the statutory minimum wage for certain hours [ECF No. 1

¶¶ 29–39]. In Count II, Plaintiff alleges that Defendant failed to pay Plaintiff the required overtime rate (1.5 times Plaintiff's regular rate) for hours Plaintiff worked in excess of forty hours per week [ECF No. 1 ¶¶ 40–50]. And in Count III, Plaintiff alleges that Defendant unlawfully terminated Plaintiff's employment in retaliation for Plaintiff complaining about unpaid wages [ECF No. 1 ¶¶ 51–57].

On August 6, 2022, Defendant moved to dismiss the Complaint on one ground: that Plaintiff failed to plead sufficient facts to establish that Plaintiff was Defendant's "employee" within the meaning of Sections 203(e) and (g) of the FLSA [ECF No. 13 pp. 3–4].[1] The Motion raised no other bases for dismissal [ECF No. 13]. Nevertheless, in responding to Defendant's Motion, Plaintiff interjected two distinct arguments in reference to the sufficiency of the allegations in the Complaint: first, that Plaintiff provided "more than sufficient facts to support Plaintiff's contention of enterprise coverage" [ECF No. 18 p. 5],[2] and second, that Plaintiff adequately stated a claim for retaliation under the FLSA [ECF No. 18 pp. 7–8]. Defendant then responded to Plaintiff's arguments in the Reply, arguing for the first time (1) that Plaintiff failed to plead that Defendant was an employer covered under the FLSA; and (2) that Plaintiff failed to plead a retaliation claim [ECF No. 26 pp. 4–7].

Against this backdrop, the Report on Defendant's Motion properly considered the sole issue raised in Defendant's Motion—whether Plaintiff was Defendant's employee under the FLSA

---

[1] Section 203(e) of the FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e). Section 203(g) provides that an employer "employs" someone when the employer "suffer[s] or permit[s] [an individual] to work." *Id.* § 203(g).

[2] Enterprise coverage is one of two ways to establish that an employer is covered under the FLSA. *See Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1286 (S.D. Fla. 2015) (noting that "[t]o establish an FLSA claim, a plaintiff must show . . . either individual coverage or enterprise coverage" (quoting 29 U.S.C. § 207(a)(1)) (internal quotation marks omitted)).

[ECF No. 33 p. 5].  The Report did not consider the additional two arguments raised by Plaintiff for the first time in opposition (and then addressed by Defendant for the first time in Reply) [ECF No. 33 p. 5 (citing to *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1349 (S.D. Fla. 2021) (noting it is "well-established" that arguments not properly presented in a party's initial pleading are waived))].

Defendant now takes issue with the Report, claiming that Magistrate Judge Reinhart should have considered the two arguments raised by Defendant for the first time in Reply [ECF No. 35 pp. 2–3].  Defendant does not object to the Report's determination that Plaintiff pled facts sufficient to plausibly establish that Plaintiff was Defendant's "employee" [ECF No. 35].  The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

CASE NO. 22-80920-CIV-CANNON/Reinhart

## DISCUSSION

According to Defendant, Magistrate Judge Reinhart should have considered new arguments that Defendant did not raise in the Motion to Dismiss but that Plaintiff introduced for the first time in opposing Defendant's Motion [ECF No. 35 p. 3].  The Court is not persuaded. While it is true that Local Rule 7.1(c) allows a movant to reply to arguments raised by the non-movant, that provision does not establish error in the Report's consideration of Defendant's Motion before it.   Defendant moved to dismiss the Complaint, raising one argument only (Plaintiff's status as Defendant's "employee" under the FLSA); Plaintiff then elected in opposition to introduce additional, distinct arguments not raised by Defendant (concerning the adequacy of Plaintiff's "employer" and retaliation allegations); Defendant responded to those new arguments in Reply (having neglected to raise them in the Motion);[3] and then Judge Reinhart properly considered the sole argument raised by Defendant in the Motion at issue.  Defendant offers no authority for the view that a Defendant who fails to raise an argument in a Motion to Dismiss nevertheless can insist on Court review of arguments not raised in the Motion simply because the opposing party chooses to raise new issues in opposing the motion.  To the contrary, "[a]rguments not properly presented in a party's initial brief . . . are deemed waived."  *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (citing to *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989)).  The Court finds no error in the Report.

---

[3] Defendant's "employer" argument boils down to whether Plaintiff pled sufficient facts to establish that Defendant is an employer covered by the FLSA.  This argument concerns Sections 203(r), (s), and 207 of the FLSA.  *See* 29 U.S.C. §§ 203(r), (s), and 207.  It is a distinct and separate argument from whether Plaintiff sufficiently pled facts to establish an employee-employer relationship between Plaintiff and Defendant.

CASE NO. 22-80920-CIV-CANNON/Reinhart

**CONCLUSION**

For the foregoing reasons, this Court finds that Magistrate Judge Reinhart's Report is well-reasoned and correct. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 33] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 13] is **DENIED**.

3. **On or before November 10, 2022**, Defendant shall file an answer to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 26th day of October 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record